**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2144-22

TOWNSHIP OF HOWELL,

    Plaintiff-Respondent,

v.

SPROUTS PMA, KIMBERLY
HOULI, LEANNE COFFEY,
BIRDS FARM, LLC,

    Defendants-Appellants.

_____

> Submitted March 11, 2024 – Decided May 14, 2024
>
> Before Judges DeAlmeida and Berdote Byrne.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2959-22.
>
> Dana Lauren Wefer, attorney for appellants.
>
> Dasti & Staiger, attorneys for respondent (Christopher J. Dasti, of counsel and on the brief; Jeffrey D. Cheney, on the brief).

PER CURIAM

Defendants, a "private member association," two of its members, and Birds Family Farm, LLC (Birds Farm), appeal from the trial court's award of permanent injunctive relief in favor of plaintiff Township of Howell (the Township). Defendants contend the trial court barred them from meeting at Birds Farm without government permission in violation of the First Amendment and failed to apply strict scrutiny to the municipal ordinances, which, they allege, infringed upon their right of association. After reviewing the record in light of the governing procedural rules, we conclude defendants' constitutional arguments are not before us because they were not properly raised or preserved before the trial court. We also conclude the trial court prematurely entered permanent injunctive relief. Therefore, we vacate the permanent injunction and remand this matter to the trial court for further proceedings.

I.

We discern the following facts from the record. Sprouts Private Membership Association[1] (Sprouts PMA) is an unincorporated entity, formed by individual defendants Leanne Coffey and Kimberly Houli and other parents

_____

[1] According to the lease, the "private membership association" is an association of "men and women collectively asserting and standing upon their rights to determine what devices, products, procedures, or services will be used by them to maintain the health of their own body, mind or spirit."

A-2144-22

who homeschool their children, to provide social and educational opportunities for children of Sprouts PMA members. On March 1, 2021, Sprouts PMA entered a five-year lease with Birds Farm for the "back, west facing land of 505 Newtons Corner Road Howell, NJ 07731 measuring roughly 210 x 340 feet," (the property). Birds Farm is situated in the Township and is owned by Stanley and Tasia Domin (the Domins), who are members of Sprouts PMA. The property is situated in the Township's ARE-2 zone.[2]

For approximately one-and-a-half years, Sprouts PMA has provided a private learning environment not limited to gardening, caretaking of farm animals, cooking, wilderness skills, hiking, formal academic studies, and the exchange of goods amongst its members. For the 2022-2023 school year, Sprouts PMA provided four programs for children ranging from two to six years old.

On September 14, 2022, a Township code enforcement official inspected the property. He observed that a school or day camp was operating on the property, with between ten to fifteen children, along with "various unpermitted structures . . . ." These uses and structures did not conform to the Township's municipal zoning ordinances. Thereafter, the Township sent a notice of

---

[2] "ARE" denotes "Agricultural Rural Estate" zone.

A-2144-22

violation to the Domins stating they were allowing Sprouts PMA to operate without the necessary municipal approvals and would need to obtain a D1 use variance and site plan approval from the Township's zoning board of adjustment. The notice requested the Domins either remove the structures from the property or apply for and receive the necessary approvals. The notice also stated the "school use must be removed from the property." The notice concluded by stating another inspection would be performed on September 21, 2022, "and if it is determined that the violation still exists, a summons will be issued which will include a monetary fine and a mandatory court appearance."

In a written response, dated September 21, 2022, Sprouts PMA stated "it is not a school or a day camp. It is an unincorporated Private Membership Association that is not open to the public." According to Sprouts PMA, it had sent certified letters to a host of state officials, including the Governor, who "had [ten] days to lawfully object to our PMA working in the private domain. A lawful objection(s) was not received and based on constitutional authority it was hereby agreed that the PMA is well within its rights." The letter stated the children participating were all children of Sprouts PMA members and "[w]e are exercising our right of 'freedom of association' as guaranteed by the 1st and 14th Amendments to the U.S. Constitution and equivalent provisions of the various

4

state constitutions. This means that our association activities are restricted to the private domain only."

Nevertheless, on September 23, 2022, the Domins applied to obtain the necessary permits and variances. While the Domins' application was pending, the Township filed a verified complaint and order to show cause on October 19, 2022, alleging violations of municipal ordinances, as well as violations of state laws and regulations against defendants and seeking restraints.

The trial court denied temporary restraints against defendants on or about October 27, 2022 (the October Order). Although the parties failed to include the October Order and transcript as part of the record on appeal, the Township's merit brief claims, and defendants do not dispute, the October Order required defendants to file and serve an opposition to the order to show cause and an answer to the Township's verified complaint before December 22, 2022, the return date for the order to show cause. The October Order purportedly states: "[o]pposition to the Order to Show Cause is not an Answer, you must file both." Defendants filed an opposition to the order to show cause but did not file an answer or other responsive pleading. As such, they did not file counterclaims or any affirmative defenses.

At some point thereafter, the case was transferred to another judge. The parties did not request or provide testimony at the hearing on the return of the order to show cause, although the parties submitted written briefs.

On January 26, 2023, the trial court issued an oral opinion granting the Township's order to show cause as to the first count of its complaint alleging violations of municipal ordinances and entered permanent restraints. It found the Township would suffer irreparable harm if defendants were to continue to violate municipal ordinances, which would undermine the Township's legitimate authority to propagate ordinances to protect the public health, safety, and welfare. It further found, pursuant to the Municipal Land Use Law (MLUL) N.J.S.A. 40:55D-1 to -163, the Township had a settled legal right to regulate local land use. The trial court found the Township presented clear and convincing evidence that it was likely to succeed on the merits of its claim and the relative hardships weighed in favor of the Township, reasoning that to deny the Township relief "would effectively paralyze the Township's legislative and enforcement abilities." In contrast, the court found defendants' hardship was the result of their own failure to apply and obtain the required variances and permits to continue operations. Defendants also failed to show their activities would be

A-2144-22

significantly impaired by requiring them to apply for the necessary permits and variances.

With respect to count two, however, although the court found evidence Sprouts PMA was operating school-like activities for which it received payment, it concluded the Township failed to meet its burden. The trial court stated it "did not find by clear and convincing evidence . . . that the activities and uses by . . . defendants of [the property] whether it be, in fact, a school or a childcare center or a summer camp, or some other described activity does not fall within the ambit of agricultural and horticultural use."

Defendants were ordered to "cease all operations on the property . . . that violate the Township Zoning Ordinances, and . . . not engage in any uses that are not in compliance with applicable Federal, State or local regulation including, but not limited to, permitted uses in the Township's ARE-2 Zoning District." Defendants were also ordered to "remove all unpermitted structures on the property . . . ." This appeal followed.

## II.

Preliminary and permanent injunction hearings determine whether a plaintiff is entitled to injunctive relief. Pursuant to Rule 4:52-1(a), a plaintiff seeking injunctive relief "may apply for an order requiring the defendant to show

cause why an interlocutory injunction should not be granted pending the disposition of the action." See also R. 4:52-2.

Rule 4:67-1 also allows a movant to seek injunctive relief in more proscribed settings. Subsection (a) allows injunctive relief in "all actions in which the court is permitted by rule or by statute to proceed in a summary manner . . . ." In contrast, subsection (b) applies to all other Superior Court actions "provided it appears to the court, on motion made pursuant to R. 1:6-3 and on notice to the other parties to the action not in default, that it is likely that the matter may be completely disposed of in a summary manner." Ibid.

Regardless of the rule by which a party seeks injunctive relief, when determining whether to issue a preliminary injunction, trial courts apply the factors established in Crowe v. De Gioia, 90 N.J. 126 (1982). See Rinaldo v. RLR Inv., LLC, 387 N.J. Super. 387, 397 (App. Div. 2006). The court is required to determine whether the applicant has shown: (1) preliminary injunctive relief is necessary to prevent irreparable harm; (2) the existence of a settled legal right; (3) a showing of a reasonable probability of ultimate success on the merits; and (4) the relative hardship to the parties favors the granting or denial of relief. Crowe, 90 N.J. at 132-34; see also Garden State Equality v.

<u>Dow</u>, 216 N.J. 314, 320 (2013).  The applicant must prove each factor by clear and convincing evidence.  <u>Dow</u>, 216 N.J. at 320.

III.

As an initial matter, the record fails to state whether the Township sought injunctive relief pursuant to <u>Rule</u> 4:52-1 or <u>Rule</u> 4:67.  The Township appears to imply this case proceeded as a summary action.  A summary action pursuant to <u>Rule</u> 4:67-1(a) is permitted only where explicitly recognized by court rule or statute.  The Township's reliance upon N.J.S.A. 40:55D-18, which permits it to "institute any appropriate action or proceeding" did not permit it to proceed summarily pursuant to <u>Rule</u> 4:67-1.  MLUL specifically permits actions to be brought "in a summary manner" in three circumstances:  (1) to recover fines pursuant to N.J.S.A. 40:55D-48.4; (2) to compel the production of certain information or approvals pursuant to N.J.S.A. 40:55D-53(e)(2); or (3) to compel "the municipal agency to reduce its findings and conclusions to writing," pursuant to N.J.S.A. 40:55D-10(g)(2).

The Township's reliance upon <u>Washington Commons, LLC v. City of Jersey City</u>, 416 N.J. Super. 555 (App. Div. 2010), is misplaced.  There, we stated the matter may be disposed of summarily pursuant to subsection (b), not subsection (a) of <u>Rule</u> 4:67-1.  Simply filing an action seeking injunctive relief

9

does not bring the proceeding within the ambit of Rule 4:67-1. See Waste Mgmt. of N.J., Inc. v. Union Cnty. Utils. Auth., 399 N.J. Super. 508, 516, 516 n.2 (App. Div. 2008). The record before us does not establish the Township moved to resolve this matter summarily pursuant to Rule 4:67-1(b) or that Sprouts PMA agreed to proceed summarily.

In the absence of a summary action, a hearing on the return of an order to show cause determines whether the movant has established the right to temporary or interlocutory injunctive relief; it generally does not resolve the merits of a complaint. See Rinaldo, 387 N.J. Super. at 397-98 (distinguishing the analyses for preliminary and permanent injunctive relief). A final determination may occur only after the court conducts a plenary hearing to resolve factual disputes. Waste Mgmt., 399 N.J. Super. at 518. "Otherwise, the process would possess only the qualities of simplicity and efficiency, not fairness or justice." Ibid. The record does not reveal defendants provided the "unambiguous consent" necessary to render a final judgment at this early stage of the proceedings. Id. at 519.

The trial court, having determined the Township prevailed on count one and awarded injunctive relief, was obligated to continue litigating the matter in the normal course, which would include discovery and a trial, if necessary, as to

10

whether defendants were in violation of municipal ordinances. Here, the trial court's findings presented to us on appeal are limited to the <u>Crowe</u> factors, including the "likelihood" of eventual success on the merits. Although the court discussed the alleged constitutional violations defendants raised, no final findings were made. Our appellate jurisdiction exists primarily over final judgments and orders. <u>See</u> <u>R.</u> 2:2-3. We do not make factual findings but instead determine whether the trial court's findings "are supported by sufficient credible evidence in the record." <u>State v. S.S.</u>, 229 N.J. 360, 365 (2017). Interlocutory findings are, by definition, not final, and hence are not automatically appealable. <u>R.</u> 2:2-4; <u>see also</u> <u>Brundage v. Est. of Carambio</u>, 195 N.J. 575, 599 (2008) (describing the burden for an interlocutory appeal as a "stringent standard" given our "general policy against piecemeal review of trial-level proceedings").

This matter is further hampered by defendants' failure to properly raise their constitutional arguments before the trial court. Defendants did not abide by the October Order, which required them to file a separate answer. Assuming the trial court ordered defendants to file a responsive pleading before December 22, 2022, and they failed to do so, default pursuant to <u>Rule</u> 4:43-1 may have been appropriate. Instead, the court ruled on the ultimate relief sought in the

complaint. It should have either entered default or allowed litigation to continue on the merits of the complaint.

Regardless of the procedural posture of the action, the issues raised by defendants are not before us as they were not raised properly or preserved before the trial court, and we decline to address the merits of the parties' arguments on appeal.

The trial court's preliminary injunction remains in place as we were not asked to review those findings on appeal. The permanent injunction is vacated, and the matter is remanded for proceedings consistent with this opinion.

Reversed in part and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2144-22